IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, <br><br> Plaintiff, <br><br> v. <br><br> DR. DEANE HATAKEYAMA, *et al.*, <br><br> Defendants. | CIVIL NO. 21-00157 LEK-WRP <br><br> DISMISSAL ORDER |

## **DISMISSAL ORDER**

Before the Court is pro se prisoner Francis Grandinetti's ("Grandinetti") "Pro Se Plaintiff on Federal Complaint and 28 U.S.C. § 1915(g) IACA Application against Doctors Named." ECF No. 1. Grandinetti, who is currently incarcerated at the Halawa Correctional Facility ("HCF"), alleges that prison officials have not provided him with various "medical services." *Id.* at 1.

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[1] For more than fifteen years, judges in this district have repeatedly told Grandinetti that

---

[1] *See, e.g., Grandinetti v. Iranon*, No. 96-cv-00101-RC-KFG (E.D. Tex.) (dismissing § 1983 complaint as frivolous on January 26, 1998); *Grandinetti v. Iranon*, No. 96-cv-00118-TH (E.D. Tex.) (dismissing § 1983 complaint as frivolous on July 20, 1998); *Grandinetti v. Bobby Ross Group, Inc.*, No. 96-cv-00117-TH-WCR (E.D. Tex.) (dismissing § 1983 complaint as frivolous and for failure to state a claim on March 5, 1999); *Grandinetti v. U.S. Marshals Serv.*,

he may not proceed without prepayment of the filing fee unless his pleading plausibly alleges that he was in imminent danger of serious physical injury at the time that he brought the action.[2] *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–53, 1055 (9th Cir. 2007). Despite these repeated warnings, Grandinetti has continued to file actions without prepaying the filing fee or plausibly alleging that he was in imminent danger of serious physical injury when he filed them, including more than sixty actions in this court since 2015.[3]

---

Civ. No. 00-00489 SOM-FIY (D. Haw.) (dismissing § 1983 complaint for failure to state a claim on August 1, 2000); *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576, 576 (9th Cir. 2011) (affirming district court's dismissal under 28 U.S.C. § 1915(g)'s "three strikes" provision).

[2]*See, e.g.*, *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LK (D. Haw.); *Grandinetti v. Moga-Rivera*, Civ. No. 06-00095 DAE-LEK (D. Haw.) (Order filed Nov. 14, 2005); *Grandinetti v. Lingle*, Civ. No. 06-00137 HG-LK (D. Haw.) (Order filed Apr. 3, 2006); *Grandinetti v. Ariyoshi*, Civ. No. 06-00146 JMS-LK (D. Haw.) (Order filed Mar. 15, 2006); *Grandinetti v. Bent*, Civ. No. 06-00147 DAE-LK (D. Haw.) (Order filed Mar. 20, 2006); *Grandinetti v. FDC Branch Staff*, Civ. No. 07-00053 DAE-KSC (D. Haw.) (Order filed Feb. 5, 2007); *Grandinetti v. Honolulu Int'l Airport Offs.*, Civ. No. 07-00082 JMS-KSC (D. Haw.) (Order filed Feb. 20, 2007); *Grandinetti v. Frank*, Civ. No. 07-00488 SOM-KSC (D. Haw.) (Order filed Sept. 26, 2007); *Grandinetti v. Moga-Rivera*, Civ. No. 12-00397 SOM-KSC (D. Haw.) (Order filed Aug. 8, 2012); *Grandinetti v. Sakai*, Civ. No. 12-00432 HG-RLP (D. Haw.) (Order filed Aug. 10, 2012).

[3]*See, e.g.*, *Grandinetti v. Redwood Toxicology Lab'y*, Civ. No. 15-00059 LEK-KSC (D. Haw.); *Grandinetti v. Martinez*, Civ. No. 15-00081 SOM-KSC (D. Haw.); *Grandinetti v. Olsen*, Civ. No. 15-00082 LEK-RLP (D. Haw.); *Grandinetti v. Judiciary of Hawaii*, Civ. No. 15-00089 JMS-RLP (D. Haw.); *Grandinetti v. Taylor*, Civ. No. 15-00294 JMS-KSC (D. Haw.); *Grandinetti v. Humane Restraint Co.*, Civ. No. 15-00456 LEK-BMK (D. Haw.); *Grandinetti v. Matsuoka*, Civ. No. 16-00419 LEK-RLP (D. Haw.); *Grandinetti v. Stampfle*, Civ. No. 16-00436 JMS-RLP (D. Haw.); *Grandinetti v. Alexander*, Civ. No. 16-00480 LEK-KSC (D. Haw.); *Grandinetti v. Sells*, Civ. No. 16-00517 DKW-RLP (D. Haw.); *Grandinetti v. Jinbo*, Civ. No. 16-00674 LEK-KSC (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 17-00004 JMS-RLP (D. Haw.); *Grandinetti v. Mun*, Civ. No. 17-00215 DKW-KJM (D. Haw.); *Grandinetti v. Honolulu Police Dep't*, Civ. No. 17-00294 DKW-KJM (D. Haw.); *Grandinetti v. Urine Drug Test*, Civ. No. 17-00418 LEK-KSC (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 17-00505 DKW-KJM (D. Haw.);

Grandinetti again has not plausibly alleged that he was in imminent danger of serious physical injury when he filed this Complaint. "[T]he availability of the

---

*Grandinetti v. Agaron-Payne Auditors*, Civ. No. 17-00591 JMS-KJM (D. Haw.); *Grandinetti v. Heggman*, Civ. No. 18-00111 HG-RLP (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 18-00208 JMS-KJM (D. Haw.); *Grandinetti v. Liaux*, Civ. No. 18-00289 JMS-RLP (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 18-00374 LEK-KJM (D. Haw.); *Grandinetti v. Hegmann*, Civ. No. 18-00396 DKW-RLP (D. Haw.); *Grandinetti v. Hamidi*, Civ. No. 18-00483 JAO-KJM (D. Haw.); *Grandinetti v. Mee*, Civ. No. 19-00187 LEK-KJM (D. Haw.); *Grandinetti v. Off. of the Pub. Def.*, Civ. No. 19-00205 LEK-RT (D. Haw.); *Grandinetti v. Pule*, Civ. No. 19-00208 DKW-RT (D. Haw.); *Grandinetti v. Zollinger*, Civ. No. 19-00242 JMS-RT (D. Haw.); *Grandinetti v. Ige*, Civ. No. 19-00278 DKW-RT (D. Haw.); *Grandinetti v. Corr. Corp. of Am. (CCA)*, Civ. No. 19-00291 JAO-KJM (D. Haw.); *Grandinetti v. Mun*, Civ. No. 19-00305 LEK-RT (D. Haw.); *Grandinetti v. Thomas*, Civ. No. 19-00312 JAO-KJM (D. Haw.); *Grandinetti v. Trump*, Civ. No. 19-00341 JAO-WRP (D. Haw.); *Grandinetti v. Thomas*, Civ. No. 19-00360 LEK-KJM (D. Haw.); *Grandinetti v. Circuit Ct. of the Third Circuit*, Civ. No. 19-00384 JAO-KJM (D. Haw.); *Grandinetti v. Oshiro*, Civ. No. 19-00409 JMS-KJM (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 19-00419 HG-KJM (D. Haw.); *Grandinetti v. Loza*, Civ. No. 19-00526 JMS-WRP (D. Haw.); *Grandinetti v. CoreCivic*, Civ. No. 19-00556 JAO-KJM (D. Haw.); *Grandinetti v. Haw. Paroling Auth. (HPA)*, Civ. No. 19-00559 SOM-KJM (D. Haw.); *Grandinetti v. Agaran*, Civ. No. 19-00568 LEK-KJM (D. Haw.); *Grandinetti v. Barajas*, Civ. No. 19-00569 JAO-KJM (D. Haw.); *Grandinetti v. Mee*, Civ. No. 19-00591 HG-WRP (D. Haw.); *Grandinetti v. Macadamia*, Civ. No. 19-00605 JAO-WRP (D. Haw.); *Grandinetti v. Saguaro Corr. Ctr.*, Civ. No. 19-00607 JMS-KJM (D. Haw.); *Grandinetti v. Off. of Disciplinary Couns.*, Civ. No. 19-00626 DKW-RT (D. Haw.); *Grandinetti v. Roth*, Civ. No. 19-00634 DKW-RT (D. Haw.); *Grandinetti v. Bradley*, Civ. No. 19-00684 LEK-WRP (D. Haw.); *Grandinetti v. Governors*, Civ. No. 19-00685 LEK-WRP (D. Haw.); *Grandinetti v. Anderson*, Civ. No. 20-00014 DKW-KJM (D. Haw.); *Grandinetti v. Hegmann*, Civ. No. 20-00017 DKW-RT (D. Haw.); *Grandinetti v. Valenzuela*, Civ. No. 20-00042 JMS-RT (D. Haw.); *Grandinetti v. Mun*, Civ. No. 20-00055 HG-RT (D. Haw.); *Grandinetti v. Frink*, Civ. No. 20-00068 DKW-RT (D. Haw.); *Grandinetti v. Ioane*, Civ. No. 20-00086 JMS-WRP (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 20-00088 JMS-WRP (D. Haw.); *Grandinetti v. Mee*, Civ. No. 20-00110 LEK-RT (D. Haw.); *Grandinetti v. Sebastian*, Civ. No. 20-00109 SOM-KJM (D. Haw.); *Grandinetti v. CoreCivic*, Civ. No. 20-00155 JMS-RT (D. Haw.); *Grandinetti v. Robertson*, Civ. No. 20-00180 JAO-KJM (D. Haw.); *Grandinetti v. Rodby*, Civ. No. 20-00190 DKW-WRP (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 20-00253 SOM-RT (D. Haw.); *Grandinetti v. Off. of the Pub. Def.*, Civ. No. 20-00276 JAO-WRP (D. Haw.); *Grandinetti v. Inst. Grievance Officers, DPS-HI*, Civ. No. 20-00332 JAO-KJM (D. Haw.); *Grandinetti v. Nale*, Civ. No. 20-00344 JAO-RT (D. Haw.); *Grandinetti v. Komori*, Civ. No. 20-00346 DKW-WRP (D. Haw.); *Grandinetti v. Barajas*, Civ. No. 20-00347 LEK-RT (D. Haw.); *Grandinetti v. Harrington*, Civ. No. 20-00408 LEK-RT (D. Haw.); *Grandinetti v. Ruiz*, Civ. No. 20-00469 DKW-RT (D. Haw.); *Grandinetti v. Feldt*, Civ. No. 20-00467 SOM-KJM (D. Haw.); *Grandinetti v. HMSF Intake/Screening Physician*, Civ. No. 20-00471 LEK-WRP (D. Haw.).

["imminent danger"] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053.  Thus, the exception only applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055; *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015).  "Imminent" refers to those events "'ready to take place'" or "'hanging threateningly over one's head.'" *Andrews*, 493 F.3d at 1056.  A prisoner seeking to fall within the exception, therefore, must plausibly allege an "ongoing danger." *Id.*  "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056–57; *Williams*, 775 F.3d at 1189.

      The Ninth Circuit has suggested that the imminent danger also must be sufficiently related to a claim in the complaint for the imminent danger exception to apply.  *See Williams*, 775 F.3d at 1190 (concluding that prisoner could proceed in forma pauperis on appeal where her allegations of an ongoing danger were "clearly related to her initial complaint."); *see also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)").

4

In deciding whether such a nexus exists, courts consider: (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. *Id.* at 298-99; *see Grandinetti v. Mee*, Civ. No. 20-00110 LEK-RT, 2020 WL 1276081, at *2 (D. Haw. Mar. 17, 2020).

Although Grandinetti claims that he is overdue for (1) an EKG exam, (2) an optometrist exam, (3) new eyeglasses, (4) an ophthalmologist exam, (5) an ear exam, (6) a "throat-nose" exam, (7) a "standard physical exam," and (8) updated "medical memos," ECF No. 1 at 1, he has not plausibly alleged that he faces an ongoing danger of serious physical injury. To the extent Grandinetti claims that he suffers from "blindness," "an unsewn hernia," and an injured shoulder, he has described similar conditions for years. *See, e.g.*, *Grandinetti v. Sells*, Civ. No. 16-00517 DKW/RLP, 2016 WL 6053818, at *1 n.2 (D. Haw. Oct. 14, 2016) (noting that Grandinetti listed various injuries including a hernia and blindness). Nothing suggests that these conditions have worsened or that they might imminently do so.

The Court construes Grandinetti's filing of this action without paying the civil filing fee as an informal request to proceed in forma pauperis. So construed, the request is DENIED, and this action is DISMISSED without prejudice. *See Young v. Peterson*, 548 F. App'x 479, 480 (9th Cir. 2013) (affirming denial of

application to proceed in forma pauperis because plaintiff "failed to allege sufficient facts to show that he was under an imminent danger of serious physical injury when he lodged his complaint" (citations omitted)); *Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016) ("[Plaintiff's] allegations . . . are too vague and speculative to invoke the exception to the three-strikes rule."). This does not prevent Grandinetti from raising his claims in a new action with concurrent payment of the civil filing fee. The Clerk is DIRECTED to terminate this case. The Court will take no action on documents filed herein beyond processing a notice of appeal.

      IT IS SO ORDERED.

      DATED: March 24, 2021, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANCIS GRANDINETTI VS. DR. DEANE HATAKEYAMA, ET AL; CV 21-00157 LEK-WRP; DISMISSAL ORDER**